IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESSENIA R., | : | CIVIL ACTION |
|     Plaintiff | : | |
|     v. | : | |
| | : | |
| CAROLYN COLVIN,[1] | : | |
| Acting Commissioner of the Social | : | |
| Security Administration, | : | |
|     Defendant | : | NO. 24-2923 |

**MEMORANDUM**

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                                                                                   December 11, 2024

Jessenia R. ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying her claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. Plaintiff has filed a brief in support of her request for review, the Commissioner has responded to it and Plaintiff has filed a reply. For the reasons set forth below, Plaintiff's request for review is denied.

### I.     PROCEDURAL HISTORY[2]

On October 12, 2021, Plaintiff applied for SSI, alleging that her disability commenced on July 20, 2020. R. 29. The claim was denied, initially and upon reconsideration; therefore, Plaintiff requested a hearing. *Id.* On June 6, 2023, due to COVID-19 precautions, Plaintiff appeared for a telephone hearing, before Christine McCafferty, Administrative Law Judge ("the ALJ"); Plaintiff,

---

[1] Carolyn Colvin was appointed as the Acting Commissioner of Social Security, on November 30, 2024, after the resignation of Martin O'Malley. Pursuant to Rule 25(d)(a) of the Federal Rules of Civil Procedure, Ms. Colvin should be substituted as Defendant in this case. No further action need be taken to continue this action, pursuant to section 205 of the Social Security Act. 42 U.S.C. § 405(g).
[2] The court has reviewed and considered the following documents in analyzing this case: Plaintiff's Brief and Statement of Issues in Support of Request for Review ("Pl. Br."), Defendant's Response to Request for Review of Plaintiff ("Resp."), Plaintiff's Reply Brief ("Reply"), and the administrative record. ("R.").

represented by an attorney, and Linda Augins, a vocational expert, ("the VE") testified at the hearing. *Id.* On July 23, 2023, the ALJ, using the sequential evaluation process ("SEP") for disability,[3] issued an unfavorable decision. R. 29-41. The Social Security Administration's Appeals Council denied Plaintiff's request for review, on April 3, 2024, making the ALJ's findings the final determination of the Commissioner. R. 12-15. Plaintiff presently seeks judicial review and the parties have consented to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).

## II.  FACTUAL BACKGROUND

A.  Personal History

Plaintiff, born on January 5, 1982, R. 39, was 41 years old on the date of the ALJ's decision. She completed eleven years of formal schooling, did not obtain a GED, and has no driver's license. R. 50. Plaintiff lives with her mother, sister, brother, uncle, two nieces, her son (age twelve) and daughter (age six). R. 35, 56-57. Several of these family members receive SSI, including her son. R. 56-57. Plaintiff worked after the date she applied for SSI, but her earnings in 2022 were insufficient to be considered substantial gainful activity. R. 31.

---

[3] The Social Security Regulations provide the following five-step sequential evaluation for determining whether an adult claimant is disabled:

> 1. If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. § 416.920(b).
>
> 2. If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. § 416.920(c).
>
> 3. If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. § 416.920(d).
>
> 4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. § 416.920(f).
>
> 5. The Commissioner will determine whether, given the claimant's residual functional capacity, age, education, and past work experience in conjunction with criteria listed in Appendix 2, she is or is not disabled. *See* 20 C.F.R. § 416.920(g).

B. <u>Plaintiff's Testimony</u>

At the June 6, 2023 administrative hearing, Plaintiff testified about her limitations. R. 50-64. She can no longer work because of foot, knee, back, shoulder, and hand problems, including pain. R. 53, 55, 63. Plaintiff stated that, when she closes her hands, without warning, they will open, causing her to drop objects. R. 53. Her fingers swell, approximately three times per week. R. 60. Plaintiff's rheumatologist, whom she last saw on May 11, 2023, prescribes pain medication, which eases, but does not eliminate, her pain. R. 54-55.

Plaintiff can usually bathe and dress herself; however, approximately twice a month, she requires assistance dressing because of shoulder pain. R. 61. She can walk approximately five minutes at a time, R. 64; she can sit for about five to ten minutes at a time. R. 63. On a typical day, once Plaintiff's children go to school, she listens to music and cleans her room where she tends to stay. R. 59. She attends church services, that last approximately two hours, three times per week. R. 59, 63.

C. <u>Vocational Testimony</u>

The VE characterized Plaintiff's past fast food cook position as unskilled[4] and light[5]; her past home health aide job was semi-skilled[6] and medium.[7] R. 64. The ALJ asked the VE to consider a person of Plaintiff's age, education, work experience, who was further limited to lifting up to 20 pounds occasionally and 10 pounds frequently; standing and walking for a total of six

---

[4] "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time. The job may or may not require considerable strength . . . [a] person does not gain work skills by doing unskilled jobs." 20 C.F.R. § 416.968(a).

[5] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b).

[6] "Semi-skilled work is work which needs some skills but does not require doing the more complex work duties." 20 C.F.R. § 416.968(b). It is less complex than skilled work but more complex than unskilled work. *Id.* "A job may be classified as semi-skilled where coordination and dexterity are necessary, as when hands or feet must be moved quickly to do repetitive tasks." *Id.*

[7] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 416.967(c).

hours and sitting for a total of six hours; unable to climb ropes, ladders and scaffolds; other to perform other postural activities occasionally; incapable of constant, repetitive reaching, fingering or handling; and needing to avoid concentrated exposure to extreme cold, humidity, vibration, dust, fumes, toxins, and dangerous moving machinery. R. 64-65. The ALJ also asked the VE to consider the same person with limitations of occasional reaching, fingering, or handling. R. 65. The VE responded that the second hypothetical person could not perform any work. R. 66. Although the first person posited could not perform Plaintiff's past work, they could perform three alternative jobs: (1) envelope handler (a sedentary[8] position), 7000 positions in the national economy; (2) garment folder (a light position), 10,000 positions in the national economy; and (3) housekeeper/cleaner, 230,000 positions in the national economy.[9] R. 65-67. The VE further opined that an employee who was off-task 20% of the time or missed two to three days of work each month could not sustain employment. R. 67.

### III.   THE ALJ's FINDINGS

In her decision, the ALJ issued the following findings:

1. [Plaintiff] has not engaged in substantial gainful activity since October 12, 2021, the filing date (20 CFR 416.971 *et seq.*).

2. [Plaintiff] has the following severe impairments: rheumatoid arthritis, iron deficiency anemia, and hypothyroidism (20 CFR 416.920(c)).

3. [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925, and 416.926).

---

[8] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary to carry out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 416.967(a).
[9] The VE failed to identify the exertional level for this job. R. 67.

4.  After careful consideration of the entire record, the undersigned finds that [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except able to lift up to 20 pounds occasionally and 10 pounds frequently; stand and walk for a total of six hours and sit for a total of six hours; no climbing of ropes, ladders and scaffolds and other postural occasional; no constant, repetitive reaching, fingering or handling; and must avoid concentrated exposure to extreme cold, humidity, vibration, dust, fumes, toxins, et cetera [sic] and dangerous moving machinery.

5.  [Plaintiff] is unable to perform any past relevant (20 CFR 416.965).

6.  [Plaintiff] was born on January 5, 1982, and was 39 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7.  [Plaintiff] has a limited education (20 CFR 416.964).

8.  Transferability of jobs skills is not material to the determination of disability because, using the Medical-Vocational Rules as a framework, supports finding that [she] is "not disabled," whether or not [she] has transferable skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9.  Considering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform (20 CFR 416.969 and 416.969a).

10. [Plaintiff] has not been under a disability, as defined in the Social Security Act, since October 12, 2021, the date the application was filed (20 CFR 416.920(g)).

R. 31, 33-34, 39-40.

## IV.  DISCUSSION

A.  <u>Standard of Review</u>

Judicial review of the Commissioner's final decision is as follows. The Commissioner's findings of fact will not be disturbed if they are supported by substantial evidence. *Poulos v.*

*Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted). While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019), it may amount to less than an evidentiary preponderance. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). Overall, this test is deferential to the ALJ, and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different conclusion. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). Indeed, the court is not permitted to weigh the record evidence itself. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). By contrast, the Commissioner's legal conclusions are subject to *de novo* review. *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B.   <u>Burden of Proof in Disability Proceedings</u>

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a). Plaintiff may establish a disability through: (1) medical evidence meeting one or more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. *Heckler*, 461 U.S. at 460. Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents her from returning to her past employment. *See Brown*, 845 F.2d at 1214. If Plaintiff proves that her impairment results in functional limitations to performing her past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff can perform given her age, education, work experience and residual functional capacity. *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C.  Review of the Administrative Law Judge's Decision

Applying the sequential evaluation process, the ALJ determined that Plaintiff could not perform her past relevant work but could perform a limited range of work that exists in the national economy and, hence, was not disabled. R. 29-41. Plaintiff disputes the ALJ's decision and advances two arguments: (1) the ALJ erred because she determined Plaintiff's residual functional capacity ("RFC") without citing to medical evidence or a medical opinion for each component of the RFC; and (2) the ALJ erred when stating that Nurse Practitioner ("NP") Preksha Patel found no swelling in her hands and relied upon that error as a basis to afford little weight to NP Patel's opinion that Plaintiff could only occasionally finger and handle.[10] Pl. Br. at 7, 9-17. The Commissioner denies Plaintiff's assertions. Resp. at 1-13. This court finds that Plaintiff's arguments lack merit.

1.  The ALJ Properly Evaluated Plaintiff's RFC

Plaintiff argues that the ALJ erred when evaluating her RFC, because she needed to identify supporting medical evidence or medical opinions to support each component of the RFC. Pl. Br.

---

[10] The court has reordered Plaintiff's arguments.

7

at 14-17.  This argument lacks merit.  The Third Circuit has held that, because it is the ALJ's duty – not that of a physician or state agency consultant – to evaluate a claimant's RFC, *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011), an ALJ need not identify medical evidence or a medical opinion to support each component of the RFC determination.  *Id.* at 362.  Hence, the ALJ committed no error in this regard.

        2.   <u>The ALJ did not Err when Assessing NP Patel's Medical Opinion</u>

Plaintiff also argues that the ALJ erred when finding that NP Patel's opinion only partially persuasive and specifically focuses on the ALJ's rejection of NP[11] Patel's opinion that Plaintiff could only occasionally finger and handle.  Pl. Br. at 11-14; Reply at 1-2.  Plaintiff argues that the ALJ committed reversible error, because she found NP Patel's opinion only partially persuasive by erroneously stating that, upon examination, NP Patel found no swelling in Plaintiff's fingers.  Pl. Br. at 12-14; Reply at 1-2.  The court rejects this argument.

In the decision, the ALJ explained why she found NP Patel's opinions partially persuasive and would not limit Plaintiff's fingering and handling as much as NP Patel opined.  Specifically, the ALJ wrote:

> [NP Patel] supported her opinion with some explanation but it is only partially consistent with her exam findings and the record as a whole.  Specifically, clinical findings indicated she had a normal gait, some reduced strength, and tenderness and painful range of motion of the fingers and toes but no swelling.  [Plaintiff] had intact finger and hand dexterity and she could zip, button, tie, hold, grip, grasp, and manipulate objects (Ex. 6F, 9F, 10F, 11F, 13F).

R. 38.  It is the court's view that the ALJ's reference to clinical findings refers to the findings of other medical sources in the record, because the preceding sentence ended with "the record as a whole."  Furthermore, the ALJ had noted previously that, although NP Patel found finger swelling

---

[11] The court notes that Plaintiff repeatedly refers to NP Patel as "Dr. Patel".  *See* Pl. Br. at 12-14.  Nevertheless, the court is not misled by these mistakes.

in Plaintiff, R. 36, Plaintiff's treating rheumatologist did not.  R. 36.  Thus, the court finds that Plaintiff seeks to attribute error where there is none.[12]

Moreover, even if this court were to accept Plaintiff's reading of the ALJ's decision, the identified error would be harmless, because the ALJ identified other acceptable reasons why she would not accept NP Patel's opinion, namely that other clinical findings in the record – as well as some of NP Patel's own findings – demonstrated that Plaintiff retained intact finger and hand dexterity.  R. 38 (citing Exhibits 6F, 9F, 10F, 11F, and 13F).  Furthermore, the ALJ relied upon Plaintiff's limited treatment history.  R. 38.  Hence, even if the ALJ misstated the evidence on one occasion, that error would not justify a remand, because that minor misstatement would not have affected the outcome of the case.  *See Rutherford*, 399 F.3d at 553.

An implementing order and order of judgment follow.

---

[12] The court further notes that Plaintiff testified that her fingers were not swollen every day.  R. 60.